No. 6843.
First Circuit Appeal.
———
SAM  MAGGIO  OR  SALVATORE  MAR-CHIFAVA. v. COL. A. T. PRESCOTT.
———
(December 2. 1924, Opinion and Decree.)
———

(*Syllabus by the Editor.*)

1. **Louisiana Digest, Obligations—Par. 144, 170.**

Where A contracts with B to re-surface by placing gravel and shell and fix gutters on a drive or street in such a manner that the water will drain properly; and upon completion of the work, the water does not drain properly; held that A cannot recover on his contract but is entitled to a quantum meruit of the sum that B has been benefited by the placing of gravel and shell on the street.

2. **Louisiana Digest, Appeal—Par. 626.**

Where there is conflicting testimony as to a verbal agreement .to improve certain streets free in order that the contractor may obtain other improvement work; the judgment of the trial court as to the credibility of witnesses not being erroneous is affirmed.

Appeal from the 22nd Judicial District, Parish of East Baton Rouge, Hon. W. Carruth Jones, Judge.

This is a suit to recover the price of improvement work on streets. There was judgment for defendant and plaintiff appealed. Judgment amended and affirmed.

Benton & Benton, of Baton Rouge, attorneys for plaintiff, appellant.

Cross & Moyse, of Baton Rouge, attorneys for defendant, appellee.

ELLIOTT, J. · The plaintiff Sam Maggio or Salvatore Marchifava sues to recover of defendant A. T. Prescott $457.00 with interest as follows:

In Art. 2 of his petition he alleges that $232.22 of the amount is due him under a verbal contract with defendant to place and

grade a car of gravel in Lucilla Drive for $3.40 per cubic yard and in Art. 3 he avers that he placed the gravel and that the gravel and service amounts to $232.00. He avers in Art. 4 that acting under said agreement he fixed the gutters in Lucilla Drive for $35.00 and moved a culvert for $3.00 amounting in all to $270.00 for work done in Lucilla Drive.

In Art. 5 he avers that he had under agreement with defendant fixed for him a lane called Bungalow Lane and had been paid $457.00 for that work and then acting under a further verbal agreement with defendant he cut, fixed, shelled and graveled other drives for which he was to receive $3.40 for each cubic yard of shell and gravel used; that he used in that additional work $187.00 worth of shell and gravel which with the amount due on account of Lucilla Drive makes the $457.00 claimed in this suit.

Defendant denies plaintiff's allegations and avers on his part with reference to Lucilla Drive that plaintiff agreed to re-surface and raise it sufficient to ensure proper drainage, correct the existing drainage so that the water would run off properly; finish off the gutters on each side and do all that was necessary to give defendant a finished street with proper drainage for $224.00 to be paid when the job was completed and accepted. That plaintiff had failed to carry out his undertaking. That the drive was not properly re-surfaced and built up so that it would drain properly; that it did not correct the drainage as agreed; that the work done was worthless to defendant.

In regard to the 2nd item claimed by plaintiff concerning additional drives after the work of Bungalow Lane had been done: defendant avers in his answer that he owes plaintiff nothing on that account; that plaintiff offered and undertook to do that work without charge and as an inducement

to obtain from defendant the job of grading and gravelling Bungalow Lane: that he owed plaintiff nothing on either of his demands. Judgment was rendered in the lower court refusing plaintiff's demand as to both counts and he has appealed.

The plaintiff testifies that he graded and filled Lucilla Drive and established gutters and as to the drainage, he does not claim that the water does not stand on the drive and in the gutters after rains; but contends that his work was all right; that the drive needs maintenance and the gutters cleaning. Plaintiff contends that the trouble is not with his filling and drainage system but that defendant permits trash, leaves and loose gravel and shells to accumulate in the gutters and fill them up, preventing the drainage through them.

It is established by the evidence of the defendant and the other witnesses called by plaintiff that the drive in question has not been drained as a result of plaintiff's undertaking.

The drainage of Lucilla Drive was defendant's primary and principal purpose in having the work done and plaintiff understood that such was the case because he guaranteed to accomplish it if given the job and for which he was not to be paid by the quantity of gravel used but undertook the job for a lump sum.

Plaintiff admitted every time he was asked the question that he had guaranteed proper drainage if given the work.

The following is quoted from his testimony; note testy. pp. 54 & 55.

Q. Now your contract with Col. Prescott was to drain it properly was it not?

A. Yes, sir; to give him a surface that will drain.

Q. Proper drainage?

A. Yes, sir.

Q. You undertook to do that didn't you?

A. Yes, sir, like the contract called for.

Q.  You guaranteed to get drainage there
didn't you? good drainage?

· A.  Yes Sir, when I would get through
I guaranteed good drainage. I told him that.

We are satisfied from the evidence the
defendant says over and over, without any
evidence to the contrary that. Lucilla Drive
does not drain properly and did not im-
mediately after plaintiff quit work on it
as completed. That from the first, water
stood on the drive and in the gutters after
each rain, without flowing off and it is
evident that further work of grading, filling
and guttering must be done; otherwise
conditions as to drainage will remain as
they are until it is done.·

The contract did not contemplate con-
crete; or cement gutters or finishing, but
plaintiff undertook the job of giving de-
fendant good drainage and his grading,
filling and guttering has not accomplished
his undertaking. The drive is narrow; the
fall slight and careful grading and filling
is necessary to give proper drainage.

Plaintiff is not responsible for obstruction
to drainage caused by automobiles running
in the gutters; nor for obstructions to the
drainage caused by falling leaves, trash,
shell and gravel; that is a matter of main-
tenance but the evidence shows that the
work done did not accomplish the under-
taking; regardless of the leaves, trash and
things sliding in the gutters; for the reason
that immediately after the first rain fol-
lowing the completion of the work; the
water stood in the drive and in the gutters.
The fault appears to be with the plaintiff's
work and he can not compel defendant to
pay him for a job done under a guarantee;
when the job as done does not accomplish
the undertaking.

The lower court rejected his demand on
account of Lucilla Drive finally he sues
on a contract and can not recover on his
present demand, but Lucilla Drive needed

filling at the time of his undertaking
and by authority of defendant he under-
took the job of doing it. He has not done
it properly, sufficiently nor well but the
gravel he placed in it is bound to help
to that end. Defendant ought to pay as a
quantum meruit a sum equal to the sum
he has been thereby benefited by the filling.

We would fix the amount in this suit if
we could; but plaintiff has sued on a con-
tract which he has not established, an
undertaking by the job, which he has not
accomplished. The record shows the sums
he paid for shell and gravel shipped him;
but there is no evidence nor offer of any
to show that defendant has been benefited
to any certain sum or amount by the gravel
regarded as a help toward building up and
elevating the drive. Justice requires that
this question be left open to plaintiff, but
in all other respects the judgment appealed
from is correct.

As for the other item claimed in plaintiff's
petition on account of shell and gravel
used and applied on drives after he had
finished his work on Bungalow Lane; de-
fendant testifies that plaintiff agreed,
undertook to do that work shell and gravel
it just as he had done Bungalow Lane,
as an inducement to be given the job of
shelling and graveling the lane above
mentioned. Plaintiff admits that he under-
took to do the grading as an inducement
for the job mentioned but alleges and testi-
fies that he understood and supposed that
he would be paid for the gravel and shell
used in the work. Plaintiff advances his
understanding and supposition and against
it; defendant states that plaintiff agreed
to do it; fix these side drives just as he
had fixed Bungalow Lane; which meant
that he was to shell and gravel them just
as Bungalow Lane was shelled and gravel-
led. The burden of proof is on the plaintiff
to prove his right to recover. According to
defendant he has no right to recover.

The lower court rejected plaintiff's demand on the ground, of course, that he did not feel satisfied that plaintiff had established his right to recover under the evidence upon the subject.

We agree with the lower court that under the evidence in regard to this item of plaintiff's demand he has not carried the burden of proof and the judgment appealed from will, as concerns this item, be affirmed. It is therefore ordered adjudged and decreed that the judgment appealed from be affirmed; except as regards a quantum meruit equal to the sum which defendant has been benefited by the gravel and shell used by plaintiff in filling and elevating Lucilla Drive, the value of same as a filler is to be left open and without prejudice to a recovery by plaintiff against defendant on that account; but in all other respects the judgment appealed from is affirmed. It is further ordered that the plaintiff and appellee pay the cost of both courts.